

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

**PETER C. McKITTRICK**
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1536

DIANE K. BRIDGE
LAW CLERK

BETHANY COLEMAN-FIRE
LAW CLERK

TONIA McCOMBS
LAW CLERK

January 24, 2018

Beverlyann Lee
3457 NE Couch St.
Portland, OR 97232

Mike Scott (via ECF)
McCarthy & Holthus LLP
920 SW 3rd Ave., 1st Floor
Portland, OR 97204

      Re: <u>Lee v. Nationstar Mortgage, LLC</u>, Adv. No. 16-3156-pcm
           Counts 2-10 of Adversary Complaint

Dear Ms. Lee and Mr. Scott:

      As you both are aware, I have entered partial summary judgment in favor of defendant Nationstar Mortgage, LLC, d/b/a Champion Mortgage Co. (Nationstar) (1) on the question of whether Nationstar's payment of the 2010-2015 property taxes was proper and (2) to the extent that the claims asserted by Debtor in the adversary complaint are dependent on her contention that Nationstar improperly paid the 2010-2015 taxes. Nationstar was entitled to make the tax advances because Debtor's failure to timely pay her property taxes was a default under the loan documents applicable to Debtor's 2009 reverse mortgage. At oral argument on the parties' cross-motions for summary judgment, Debtor conceded that the main contention underlying the claims asserted in her complaint is that Nationstar's payment of the taxes was improper.

      After I ruled on the parties' cross-motions for summary judgment, in a letter dated September 29, 2017, I requested briefing on the question of whether Debtor's claims labeled Counts 2-10 in her adversary complaint should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12, made applicable to bankruptcy adversary proceedings by Fed. R. Bankr. P. 7012. <u>See</u> Docket No. 69. Specifically, I asked the parties to address the following questions:

      1. Whether Count 2 should be dismissed because the statute relied upon by Debtor, 15 U.S.C. § 1639b(c)(3)(C), does not create a private right of action and/or does not impose any legal obligation on Nationstar *vis a vis* Debtor?

      2. Whether Counts 3, 5, 6, 7 and 8, in which Debtor alleges that Nationstar violated the

>Fair Debt Collection Practices Act (FDCPA) by taking certain actions in this bankruptcy case, should be dismissed in accordance with Walls v. Wells Fargo Bank, N.A, 276 F.3d 502 (9th Cir. 2002), and In re Chaussee, 399 B.R. 225 (9th Cir. BAP 2008)?
>
>3. Whether Counts 4 and 9, in which Debtor alleges that Nationstar violated the FDCPA by attempting to foreclose, should be dismissed because initiating foreclosure proceedings on property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA? See Hulse v. Ocwen Fed. Bank, 195 F.Supp.2d 1188, 1204 (D. Or. 2002).
>
>4. Whether Count 10 should be dismissed because the statute on which Debtor relies, ORS 648.608(1)(k), does not exist?

Doc. No. 69.

"A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim," but must give notice of its intention to do so and permit the plaintiff an opportunity to respond. Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981). As I explained in my letter ruling on the parties' cross-motions for summary judgment, my goal is to narrow as much as possible the scope of the trial, thus minimizing expenses for both parties.[1]

Both parties have submitted briefs in response to the Court's September 29 request. See Doc. Nos. 79 (Nationstar's brief) and 80 (Debtor's brief).[2] Debtor also has filed a separate motion to strike Nationstar's brief (Doc. No. 88), which I will deny for the reasons explained below. For the reasons that follow, I will enter an order dismissing counts 2 - 8 of Debtor's adversary complaint. I will address counts 9 and 10 separately below.

>1. <u>Debtor's Motion to Strike</u>

Debtor, pursuant to Fed. R. Civ. P. 12(f), made applicable by Fed. R. Bankr. P. 7012(b), moves to strike Nationstar's brief and the attached declaration of Tiffany Dearmon (the Declaration). Fed. R. Civ. P. 12(f) provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Nationstar addresses the legal sufficiency of counts 2-10 in its brief as I requested, but also seeks a supplemental ruling on summary judgment and /or dismissal of all the claims asserted by Debtor in her adversary complaint and claim objection.[3] Debtor argues that I should strike Nationstar's brief and the Declaration because Nationstar addresses issues in addition to those requested by the Court. Although I agree that Nationstar's brief exceeded the scope of the Court's request, striking Nationstar's brief is not the proper remedy.

---

[1] Counts 1 and 11 of Debtor's adversary complaint implicate the accounting issues raised by Debtor in her claim objection and adversary complaint. I denied both parties' motions for summary judgment on those accounting issues.

[2] Debtor did not timely file her brief. However, I accepted the brief as stated in my letter dated October 26, 2017 (Doc. No. 82).

[3] I have consolidated this adversary proceeding with Debtor's objection to Nationstar's claim.

Fed. R. Civ. P. 12(f) allows a court to strike from a pleading certain matter. Nationstar's brief is not a pleading. Colon v. Blades, 268 F.R.D. 143, 146 (D. P.R. 2010)(citing Fed. R. Civ. P. 7(a) defining "pleading"). Therefore, I will deny Debtor's motion to strike. However, I am limiting my consideration of Nationstar's brief to the question of the legal sufficiency of counts 2-10 of Debtor's adversary complaint. Further, I did not consider the Declaration in deciding whether counts 2-10 should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

I will not entertain Nationstar's request for a supplemental ruling on summary judgment and /or dismissal of all of the claims asserted by Debtor in her adversary complaint and claim objection. As I have previously stated, the deadline established in the scheduling order entered in this case for the parties to file disposititve motions has long passed. I will not consider any further motions for summary judgment on the current pleadings by either party.

2. Dismissal of Counts 2 - 8

**Count 2** - Debtor alleges that Nationstar violated 15 U.S.C. § 1639b(c)(3)(C), which provides that the Bureau of Consumer Financial Protection shall prescribe regulations to prohibit "abusive or unfair lending practices that promote disparities among consumers of equal credit worthiness but of different race, ethnicity, gender, or age[.]" Debtor alleges in her complaint that Nationstar and a third party acted improperly in connection with an appraisal obtained by Nationstar relating to the 2015 tax advance and that Nationstar offered her fraudulent contracts.

Count 2 will be dismissed because 15 U.S.C. § 1639b(c)(3)(C) does not impose any legal obligation on Nationstar *vis a vis* Debtor. The statute directs the promulgation of regulations and, in subsection (d), creates a cause of action in accordance with 15 U.S.C. § 1640 for violations of such regulations. However, Debtor has not identified any regulation that Nationstar has allegedly violated in connection with her reverse mortgage. Moreover, 15 U.S.C. § 1639b creates a duty of care for a "mortgage originator." Nationstar is not the originator of Debtor's reverse mortgage loan. Bank of America originated Debtor's loan. See Complaint, p. 2, lines 1-4. In addition, 15 U.S.C. § 1639b(c) did not take effect until January 10, 2014, and is inapplicable to Debtor's 2009 reverse mortgage. Fowler v. U.S. Bank, N.A., 2 F. Supp. 3d 965, 977 (S.D. Tenn. 2014).

Debtor appears to argue in her brief[4] that Nationstar became a mortgage originator when it made the 2010-2015 tax advances that were the subject of the parties' cross-motions for summary judgment. Even if I assume Debtor's characterization is correct, and I do not believe it is, that does not remedy Debtor's failure to identify any regulation that Nationstar has allegedly violated. In addition, as I discuss at length in my letter ruling on the parties' cross-motions for summary judgment, the authority for Nationstar to make the tax advances and charge them to Debtor's account is derived from the terms of the original 2009 loan documents. Debtor cites no authority in support of her position that the debt created by the tax advances qualifies as the origination of new and separate mortgage loans.

---

[4] Debtor's brief is largely non-responsive to my September 29 letter. For the most part, Debtor merely reasserts arguments that I have already rejected or that I have previously held will be considered at trial.

**Count 3** - Debtor alleges that Nationstar violated 15 U.S.C. § 1692e(2)(A), which provides that a debt collector may not make a false representation of "the character, amount, or legal status of any debt." Debtor alleges that Nationstar filed its proof of claim without legal claim and requests damages of $1,000 for court fees allegedly incurred by her. 15 U.S.C. 1692e and 15 U.S.C. § 1692f, upon which Debtor also relies, are both part of the FDCPA.

Nationstar filed its proof of claim after confirmation of Debtor's chapter 13 plan. The chapter 13 plan that Debtor herself proposed, and which this court confirmed, provides that Debtor will cure a $31,500 prepetition arrearage to Nationstar. Doc. No. 24. The form language of the Plan also provides, however, that the arrearage amount listed in the Plan "is an estimate; the creditor's timely filed and allowed claim shall control." Plan, § 2(b)(1). Debtor's plan in effect essentially invited and required Nationstar to file a proof of claim in Debtor's case. It appears that the primary, if not sole, basis for this claim is Debtor's contention that Nationstar's tax advances were improper. As noted, I have already rejected Debtor's position and determined that her failure to timely pay her property taxes constituted a default under the applicable loan documents and that Nationstar's tax advances were proper. For all those reasons, Nationstar did have "legal claim" to file its proof of claim.

Even if I am wrong and/or Debtor has alleged that Nationstar's filing of its proof of claim was improper for reasons other than the alleged impropriety of Nationstar's tax advances, this claim should be dismissed in accordance with Walls v. Wells Fargo Bank, N.A, 276 F.3d 502, 510-11 (9th Cir. 2002)(FDCPA claims that entail bankruptcy-laden determinations precluded), and In re Chaussee, 399 B.R. 225, 235 (9th Cir. BAP 2008)(bankruptcy code and rules preclude application of the FDCPA in context of bankruptcy claims process). Debtor argues in her brief, without citation to any authority, that FDCPA claims "can co-exist with" the bankruptcy code. Debtor's brief, p. 9. That may be true, but applicable Ninth Circuit cases make it clear that FDCPA claims are precluded when based on alleged misconduct occurring in connection with a bankruptcy case.

**Count 4** - Debtor alleges that Nationstar violated 15 U.S.C. § 1692e(4), which provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, including by representing or implying that "nonpayment of any debt will result in the . . . seizure, garnishment, attachment, or sale of any property . . . of any person unless such action is lawful and the debt collector or creditor intends to take such action." Debtor alleges that Nationstar filed its prepetition foreclosure action on unsupported facts and requests $1,000 in damages because she had to pay the state court for a copy of the filing.

This count will be dismissed because initiating foreclosure proceedings on property pursuant to a deed of trust is not the collection of a debt withing the meaning of the FDCPA. Hulse v. Ocwen Fed. Bank, 195 F.Supp.2d 1188, 1204 (D. Or. 2002).

**Count 5** - Debtor alleges that Nationstar violated 15 U.S.C. § 1692e(8), which provides that a debt collector may not communicate or threaten to communicate "to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Debtor requests damages of $1,000 because Nationstar's proof of claim allegedly communicated false information to this court.

Debtor also makes factual allegations in connection with this count that challenge the

propriety of Nationstar's tax advances. As I discuss above, I have already granted summary judgment in favor of Nationstar to the extent any of the claims asserted by Debtor in her complaint are dependent on Debtor's contention that Nationstar was not entitled to make the tax advances. The balance of this count will be dismissed because, to the extent it is based on Nationstar's filing of a proof of claim, it is precluded. See Walls, 276 F.3d at 510-11(FDCPA claims that entail bankruptcy-laden determinations precluded), and Chaussee, 399 B.R. at 235 (bankruptcy code and rules preclude application of the FDCPA in context of bankruptcy claims process).

**Count 6** - Debtor alleges that Nationstar violated 15 U.S.C. § 1692e(9), which provides that a debt collector may not use or distribute "any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval." Debtor alleges that Nationstar presented a proof of claim that made false representations about its compliance with HUD guidelines and requests damages of $1,000 because she had to spend $5.00 on reading glasses to read the proof of claim.

This count is based on Nationstar's filing of its proof of claim. Therefore, it is precluded and will be dismissed. See Walls, 276 F.3d at 510-11(FDCPA claims that entail bankruptcy-laden determinations precluded), and Chaussee, 399 B.R. at 235 (bankruptcy code and rules preclude application of the FDCPA in context of bankruptcy claims process).

**Count 7 -** Debtor alleges that Nationstar violated 15 U.S.C. § 1692e(10), which provides that a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt . . . ." Debtor alleges that Nationstar filed a misleading and incomplete proof of claim and requests $1,000 in damages because she had to buy a $1.00 bus ticket to conduct research at PSU.

This count is based on Nationstar's filing of its proof of claim. Therefore, it is precluded and will be dismissed. See Walls, 276 F.3d at 510-11(FDCPA claims that entail bankruptcy-laden determinations precluded), and Chaussee, 399 B.R. at 235 (bankruptcy code and rules preclude application of the FDCPA in context of bankruptcy claims process).

**Count 8 -** Debtor alleges that Nationstar violated 15 USC § 1692f(1), which provides that it is an unfair practice for a debt collector to collect a debt "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Debtor alleges that Nationstar violated the FDCPA because she has had to make monthly payments to the trustee in accordance with the terms of her confirmed plan and requests damages of $1,000 as a result.

This count is based on Nationstar's filing of its proof of claim and requires bankruptcy laden determinations. Therefore, it is precluded and will be dismissed. See Walls, 276 F.3d at 510-11(FDCPA claims that entail bankruptcy-laden determinations precluded), and Chaussee, 399 B.R. at 235 (bankruptcy code and rules preclude application of the FDCPA in context of bankruptcy claims process).

3. Counts 9 and 10

In my September 29 letter, I asked whether Count 10 should be dismissed because the

statute on which Debtor relies, ORS 648.608(1)(k), does not exist. Debtor, in her brief, responds that with regard to counts 9 <u>and</u> 10, she meant to cite ORS 646.608(1)(k) and 646.638(1), respectively, and asks for leave to amend her complaint.[5]

Fed. R. Civ. P. 15(a)(2), made applicable by Fed. R. Bankr. P. 7015, provides that in cases where, as here, Fed. R. Civ. P. 15(a)(1) does not apply, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave should be freely given. <u>Id</u>. However, leave need not be given if the amendment would be futile. O'Connell & Stevenson, RUTTER GROUP PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL, § 8:1500 (The Rutter Group 2017). It appears that leave to amend should be denied because it would be futile.

In count 9, Debtor alleges that Nationstar did not have a right to foreclose and requests damages of $1,000. In Count 10 of her complaint, Debtor alleges that Nationstar made a false accounting in its proof of claim and false claims in the notice of default issued in connection with the prepetition foreclosure proceedings. Debtor requests actual damages of $250 and punitive damages of $3,333,333.33.

ORS 646.608(1)(k) and 646.638(1) are part of Oregon's Unlawful Trade Practices Act (the UTPA). ORS 646.608(1)(k) makes it an unlawful business practice if a person "[m]akes false or misleading representations concerning credit availability or the nature of the transaction or obligation incurred." ORS 646.638(1) provides, with certain exceptions not applicable here, that:

> a person that suffers an ascertainable loss of money or property, real or personal, as a result of another person's willful use or employment of a method, act or practice declared unlawful under ORS 646.608, may bring an individual action in an appropriate court to recover actual damages or statutory damages of $200, whichever is greater. The court or the jury may award punitive damages and the court may provide any equitable relief the court considers necessary or proper.

ORS 646.638(1).

Debtor cannot state a claim under the UTPA because the "UTPA is inapplicable to any loan transaction that occurred before its amendment in 2010." <u>Nguyen v. Madison Mgmt. Servs., LLC</u>, 2016 U.S. Dist. LEXIS 121197. *24 (D. Or. 2016). Prior to 2010, the UTPA applied "only to the sale of goods and services." <u>Haeger v. Johnson</u>, 25 Or. App. 131, 135 (1976)(specifically discussing ORS 646.608(1)(k) ). In addition, to the extent count 10 is

---

[5] In Count 9 of Debtor's original complaint, she alleged that Nationstar violated 15 USC § 1692f(6)(A), which provides that it is an unfair practice for a debt collector to take or threaten to take any nonjudicial action to effect dispossession or disablement of property without having a present right to possession of the property. Debtor requested damages of $1,000 because Nationstar allegedly had no right to foreclose on the Property. By asking for leave to amend count 9, Debtor is in effect abandoning the FDCPA claim originally pled in count 9. If Debtor had not abandoned count 9 as originally pled, I would have dismissed it because "the activity of foreclosing on property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." <u>Hulse v. Ocwen Fed. Bank, FSB</u>, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002).

premised on actions taken by Nationstar in connection with the filing of its proof of claim, it is preempted by the Bankruptcy Code. See Chaussee, 399 B.R. at 236 (state law claim based on alleged wrongful conduct occurring in a bankruptcy case is preempted by the Bankruptcy Code).

      I intend to enter an order dismissing counts 9 and 10 for the reasons stated above. If Debtor wishes to be heard on the dismissal of those two counts, she may file a brief no later than February 5, 2018. If Debtor chooses to file a brief, it must be limited to no more than five pages and shall not address anything other than counts 9 and 10. If Debtor files a brief, Nationstar may file a response no later than February 12, 2018. The page and substance limitations applicable to Debtor as stated above apply to Nationstar as well.

## Conclusion

      For the reasons stated above, I will enter an order denying Debtor's motion to strike and dismissing counts 2-8. I will defer ruling on dismissal of counts 9 and 10 until after the time for briefing set forth immediately above has elapsed. The parties will receive separate notice of a future hearing on Debtor's objection to Nationstar's amended claim and a status conference in the adversary proceeding.

      Sincerely,

      PETER C. MCKITTRICK
      Bankruptcy Judge

cc:    Wayne Godare (via ECF)